1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  KAREN KREUZKAMP (CABN 246151)
   RAVI T. NARAYAN (IABN AT0011948)
5  Assistant United States Attorneys

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
7     Telephone: (415) 436-7014
      FAX: (415) 436-7234
8     Email: Karen.Kreuzkamp@usdoj.gov

9  Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 19-00313 WHA |
|---|---|
| Plaintiff, | ) **STIPULATION AND [PROPOSED]** |
|  | ) **PROTECTIVE ORDER** |
| v. | ) |
| JAMARE COATS, | ) |
| Defendant. | ) |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Per the defendant's request, the United States will produce documents and other materials pertaining to the charge in the Indictment to defense counsel, in lieu of making those materials available for review only. Some of these materials that the government deems to be sensitive (based on witness safety concerns or other comparable concerns) will be designated and/or labeled as "PROTECTED

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 19-00313 WHA                        1

MATERIALS."[1] Any PROTECTED MATERIALS are deemed produced pursuant to the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of defendant, the PROTECTED MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, room or safe or secure electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of her law firm or those lawyers, law clerks or paralegals appointed to work with her, who are working with her to prepare defendant's defense, her investigator(s) and expert(s). Defense counsel, members of her law firm, defendant, the investigator(s) and expert(s) shall not permit any person access of any kind to the PROTECTED MATERIALS except as set forth below.

2. The following individuals may examine the PROTECTED MATERIALS for the sole purpose of preparing the defense of defendant and for no other purpose, unless specifically authorized by the Court:

    a) counsel for defendant;

    b) members of defense counsel's law office or those lawyers, law clerks or paralegals appointed to work with her, who are assisting with the preparation of defendant's defense;

    c) defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph (defendant may not take or maintain the PROTECTED MATERIALS or copies thereof); and

    d) paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant or assigned by the Court to assist in the defense of this matter (the individuals in this subsection (d) may obtain copies of the PROTECTED MATERIALS so

---

[1] If defense counsel disputes the government's designation of specific materials as PROTECTED MATERIALS, then, after meeting and conferring with the government, the defense counsel or the government may seek Court intervention to resolve the dispute. Pending resolution of the dispute the disputed materials shall continue to be treated as PROTECTED MATERIALS subject to the terms of this Protective Order.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 19-00313 WHA    2

long as they secure them pursuant to the requirements of this Protective Order).

Neither the defendant nor any member of the Defense Team shall provide any discovery material containing PROTECTED MATERIALS to any third party or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. A member of the Defense Team may, however, use the PROTECTED MATERIALS for their defense and in the course of investigation, including discussing, but not showing, the PROTECTED MATERIALS with witnesses. Examination of the PROTECTED MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

If a party files a pleading that contains or attaches PROTECTED MATERIALS subject to this Order, the PROTECTED MATERIALS must be redacted from the public filing and filed under seal. The Defense Team shall comply with Criminal Local Rule 56-1 to ensure that the PROTECTED MATERIALS are not improperly disclosed.

If defense counsel determines that additional persons are needed to review the PROTECTED MATERIALS, she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

A copy of this Order shall be maintained with the PROTECTED MATERIALS at all times.

3. All individuals other than defense counsel and defendant who receive access to the PROTECTED MATERIALS, prior to receiving access to the materials, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

    b) they understand its contents;

    c) they agree that they will only access the PROTECTED MATERIALS for the purposes of preparing a defense for defendant; and

     d)  they understand that failure to abide by this Order may result in sanctions by this Court.

These signed copies shall be maintained by counsel for the parties and shall be made available upon request under seal to the Court.

   4.  The PROTECTED MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

   5.  The defense team shall return the PROTECTED MATERIALS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; defendant's sentencing; or the conclusion of any direct appeal.

   6.  After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.

//
//
//
//
//
//
//

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

DAVID L. ANDERSON
United States Attorney

DATED: November 7, 2019

_____/s/_____
KAREN KREUZKAMP
RAVI T. NARAYAN
Assistant United States Attorneys

DATED: November 7, 2019

_____/s/_____
GAIL SHIFMAN
Counsel for Defendant Jamare Coats

**IT IS SO ORDERED.**

DATED: November 7, 2019.

_____
WILLIAM ALSUP
United States District Judge