GAIL SHIFMAN (State Bar No. 147334)
Law Office of Gail Shifman
2431 Fillmore Street
San Francisco, California 94115
Telephone:  (415) 551-1500
Email:  gail@shifmangroup.com

JOANNA SHERIDAN (State Bar No. 260090)
J.P. Sheridan Law
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Telephone:  (415) 347-2700
Email:  joanna@jpsheridanlaw.com

Attorneys for Defendant
JAMARE COATS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>  Plaintiff, </br></br> vs. </br></br> JAMARE COATS, </br></br>  Defendant. | Case No.:  CR 19-0313 WHA </br></br> JAMARE COATS' MOTION IN LIMINE # 1 FOR ORDER THAT THE GOVERNMENT PROVIDE ADVANCE NOTICE OF WITNESSES TO BE CALLED AND INCIDENTS TO BE COVERED DURING A TRIAL WEEK </br></br> Date/Time: July 13, 2022 / 2:00 pm </br> Honorable William Alsup |

**I.    INTRODUCTION AND SUMMARY OF OBJECTIONS**

The Coats' defense asks this Court to put in place a trial management plan that directs the Government to provide defense counsel advance notice of witnesses to be called during an upcoming trial week, together with notice of the incidents, overt acts, and/or acts and counts that will be the subject of an upcoming week's testimony. This is a request that has been made in other cases. In addition to this Court, other Judges in this District, including Judge Gonzalez

Rogers, Judge Chesney, and Judge Chen who have presided over RICO conspiracy cases involving VICAR murder charges have each used procedures that provided defense counsel with notice of witnesses for the Government who would be called in upcoming trial days. In these cases, with exceptions that were due to unexpected developments during trial, the Government gave defense counsel notice on a Friday of the witnesses and incidents that would be covered in the next trial week.

The procedure requested here allows counsel to have prepared for upcoming witnesses by ensuring that the correct case-related materials are available in the courtroom and that necessary basic preparation has been done to ensure minimal waste of the Court's and jurors' time. The procedure also permits the parties to air objections that have not yet been raised or heard, and/or to ensure that recent developments pertinent to given witnesses can be discussed to minimize time consuming discussions during the actual trial day.

The defense notes that the Ninth Circuit has recognized that the Court's inherent authority furthers the goal of "speedy and orderly administration of justice" and is "designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v. Grace*, 526 F.3d 499, 509 (9th Cir., 2008) (*en banc*). While the court in *Grace* was specifically focused on ensuring that the Government generated a list of expert witnesses and ensured that discovery pertinent to those witnesses was timely made available, the language from *Grace* has been used by a number of courts to describe the inherent authority that allows a court to manage its docket efficiently. *Grace*, however, is not the only decision in which the Ninth Circuit has made reference to the inherent powers of the Court: "All federal courts are vested with inherent powers enabling

COATS MOTION IN LIMINE # 1 FOR ORDER THAT THE GOVERNMENT PROVIDE ADVANCE NOTICE OF WITNESSES TO BE CALLED AND INCIDENTS TO BE COVERED DURING A TRIAL WEEK   2

them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir., 2004) [referencing a court's ability to manage what was found to have been an error by one of the parties in addressing discovery issues that have been brought before the court].

The order sought here has, as noted, been entered, admittedly with variations depending on the judge and the nature of the case, as part of the procedures attending more than one trial that has taken place in cases of this complexity, and that involve copious amounts of discovery and case material and easily ascertained logistical problems in ensuring that all concerned are likely to be suitably prepared to timely conduct the trial of the case involved.

**II.     CONCLUSION**

For the reasons stated here, the Court should enter the order requested.

Dated: June 29, 2022                                  Respectfully submitted,

                                                                         */s/ Gail Shifman*
                                                                         _____
                                                                         GAIL SHIFMAN
                                                                         JOANNA SHERIDAN

                                                                         Attorneys for Defendant
                                                                         JAMARE COATS