GAIL SHIFMAN (State Bar No. 147334)
Law Office of Gail Shifman
2431 Fillmore Street
San Francisco, California 94115
Telephone:  (415) 551-1500
Facsimile:  (415) 551-1502
Email:  gail@shifmangroup.com

JOANNA SHERIDAN (State Bar No. 260090)
J.P. Sheridan Law
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Telephone:  (415) 347-2700
Facsimile:  (415) 347-2701
Email:  joanna@jpsheridanlaw.com

Attorneys for Defendant
JAMARE COATS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMARE COATS,<br><br>　　　　　Defendant. | Case No.:  CR 19-0313 WHA<br><br>JAMARE COATS' RENEWED MOTION TO EXCLUDE ALL ENTERPRISE ACTS OR IN THE ALTERNATIVE TO EXCLUDE AUGUST 1, 2015 "SHOTS FIRED" BY JAMARE COATS<br><br>Date: August 1, 2022<br>Time: 7:30 a.m. |

In renewing his motion to exclude all enterprise acts[1], or in the alternative, to exclude the

---

[1] Mr. Coats previously moved to exclude enterprise acts, Dkts. 495, 505, and 600 and joined in Mr. Manning's filings including at Dkt. 573. The enterprise acts involving Mr. Coats are the (1) February 10, 2013 "Evading", (2) April 13, 2013 Gun Possession, and (3) August 1, 2015 "shots fired". Those involving Mr. Manning are the (1) February 10, 2013 "Evading", and unknown dates or events by witness JB.  In addition, two enterprise acts do not involve either defendant, (4) August 8, 2013 Marijuana Dispensary Robber by Tremayne Brown, Almjermyn Tyler, DeAngelo Redd; and (5) April 4, 2016 Shooting of D.W. near Loren Miller Homes.

REPLY TO U.S. OPPOSITION TO COATS' MOTION TO EXCLUDE ENTERPRISE EVIDENCE　　　　1

August 1, 2015 "Shots Fired" by Jamare Coats, Mr. Coats raises again the issue that this evidence, particularly the August 1, 2015 shots fired by Mr. Coats, is evidence whose probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, and misleading the jury.  In balancing its value against the danger of these three outcomes, it is clear that admission of the enterprise acts evidence, and significantly the August 1, 2015 Shots Fired evidence, risks unfair prejudice that substantially outweighs its probative value.  Unfair prejudice within this context means an undue tendency to suggest decision by the jury on an improper basis, such as an emotional one.

The government's arguments at the conclusion of Friday's trial on July 29, 2022, demonstrate the exact prejudice to Mr. Coats by inclusion into evidence of the August 1, 2015 incident.[2] When the Court stated that it intended to say to the jury that "You may not consider this for intent on the murder," and that it could not be considered "for the purpose of maintaining, increasing, or entrance into the gang,  Vol 5, P 1032, L 16-19, in response, the government stated,

> **MR. EWENSTEIN:** Well, if there are enterprise acts that demonstrate the purposes of the gang, and that demonstrate what is important in the gang, we believe that should be admissible. Not for proving intent on that day, but for answering the question of -- well, yeah, I guess for – as relevant to intent on that day, because it's –
>
> *Id.* P. 1032, L 20-25.

As the Court pointed out, the government's intent was indeed to offer these enterprise acts beyond just showing that there was an enterprise.

---

[2] The Court originally ruled that the five enterprise acts could come into evidence because they would not go to the intent element of the murder, that the government would not offer them to prove any of the 404(b) points - - intent or motive, and that the enterprise acts would only be relevant to one issue in the case, enterprise.

REPLY TO U.S. OPPOSITION TO COATS' MOTION TO EXCLUDE ENTERPRISE EVIDENCE          2

>**THE COURT:** But now you're going to say, oh, look at all these bad acts that they did in the past. Look at all these bad murders and robbing the grocery store. No. And that shows you how bad these people are and, therefore, they must have had the intent and the motive --
>
>*Id.,* P. 1033, L 20-24.

Rather than backing away from its position, the government doubled down stating that "the jury should be able to consider these acts in evaluating whether the enterprise exists, and how the enterprise functions.  And that is relevant to the VICAR part of Count I." *Id.*, P. 1034, L 1-7.   That is, they should be able to consider the prior bad act in considering the motive and intent of the March 23, 2019, the entirety of the VICAR in Count I.

The introduction in evidence of the August 1, 2015 shots fired by Jamare Coats creates the exact prejudice that the Court was addressing and goes directly to the government's theory of intent on March 23, 2019.  If, as the government has argued, Mac Block is a gang where one's respect among one's peers matters[3], the government believes it is permissible and logical to argue to the jury that "a gang member who does not take steps to react to, for instance, a deep respect in front of other people at the Fillmore Heritage Center" will lose his standing in the enterprise and is fair game to argue to the jury that maintaining position within the gang by confronting that disrespect was the motive and the intent behind the March 23, 2019 shooting. Referring to the enterprise acts, the government stated,

>**MR. SCOBLE:** Well, to the extent that any of them -- any of them -- bear on the issue about whether there is a nexus between these two defendants and an enforcement of the gang's purpose of -- of commanding respect, then,

---

[3] Defendant submits that is not enough for gaining entrance to or maintaining and increasing position in an enterprise.

REPLY TO U.S. OPPOSITION TO COATS' MOTION TO EXCLUDE ENTERPRISE EVIDENCE          3

yes, we think that's fair game.

*Id.,* P. 1036 L 9-13.

Thus, the government continued, the August 1, 2015 shots fired[4] down Fulton Street incident where Mr. Coats made a statement to law enforcement that there were disrespectful words said and that he fired is an example of Mr. Coats acting as he did on March 23, 2019. This is a direct use of the prior act to prove intent and motive in the charged murder. What makes the introduction of the August 1, 2015 enterprise act particularly prejudicial is that the government seeks to use Mr. Coats' words from the 2015 to prove the intent of his actions on March 23, 2019.  In 2015, Mr. Coats said "Words were said.  Basically bullets was exchanged." What kind of words? "Disrespectful words."

The probative value of this evidence is substantially outweighed by the egregious prejudice caused by its introduction into evidence.  How could a jury set aside this evidence, even with a limiting instruction, when the government seeks to utilize Mr. Coats words in 2015 as evidence of his intent on March 23, 2019?

The government has consistently said throughout this litigation that they want to introduce the August 1, 2015 enterprise act to show that Mr. Coats claimed that he was being disrespected, and that's why he shot. They've consistently said that they will argue to the jury that words were said on March 23, 2019; that Mr. Coats was disrespected on March 23, 2019, and that is why he shot. Regardless of how they parse their words, they are in fact arguing exactly this. The August 1, 2015 act is 404(b) evidence. Admission of this uncharged incident invites the jury to prejudicially infer that Mr. Coats not only has a propensity for violence but that his motive and hence his intent was to act as he did on August 1, 2015. F.R.E. §§ 403,

---

[4] Mr. Coats was not convicted of any shooting relating to August 1, 2015.  No alleged victim has ever been identified. He was convicted of being a Felon in Possession related to this incident because he was seen on video running with a gun.

REPLY TO U.S. OPPOSITION TO COATS' MOTION TO EXCLUDE ENTERPRISE EVIDENCE          4

404(b)(1).

For these reasons, Mr. Coats renews his request to exclude this enterprise act, and with it, his related statement and conviction record for the related Felon in Possession offense. He further seeks to exclude all other enterprise acts based on his previously filed pleadings, and arguments therein, incorporated herein and the government's most recent statements on July 29, 2022.

Dated: July 31, 2022                                                                    Respectfully submitted,

                                                                         GAIL SHIFMAN/JOANNA SHERIDAN

                                                                          */s/ Gail Shifman*
                                                                          _____
                                                                          GAIL SHIFMAN
                                                                          Attorneys for Defendant
                                                                          JAMARE COATS